UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JOHN STOLTZFUS and JOHN RIEHL, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 2:17-cv-00359-JMS-MJD |
| | ) | |
| SHAWN CLOVER #61-11, GEOFFREY CANFIELD #61-10, RODNEY SMITH #R-3, and CHRISTOPHER E. FISHER #R-4, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>ORDER</u>**

In July 2017, *pro se* Plaintiffs John Stoltzfus and John Riehl initiated this lawsuit which relates to two traffic stops with which they were involved, and which led to their respective arrests. They asserted violations of seven Amendments to the United States Constitution and more than twelve federal statutes against twenty-seven named individuals and entities and twenty-five individuals identified as "Does." On January 30, 2018, the Court granted two Motions to Dismiss filed by various Defendants and granted in part and denied in part two other Motions to Dismiss. [Filing No. 46.] Relevant to the pending motion is the Court's dismissal with prejudice of claims against Defendants Judge Samuel A. Swaim and Parke County Prosecutor Steven Cvengros on the grounds of judicial immunity and prosecutorial immunity, respectively. [Filing No. 46 at 13-15.] On March 5, 2018, Plaintiffs filed a Motion to Reconsider on District Court's Decision to Dismiss

State Defendants With Prejudice,[1] [Filing No. 48], and that motion is now ripe for the Court's consideration.

# I.
## STANDARD OF REVIEW

"Motions to reconsider 'are not replays of the main event.'" *Dominguez v. Lynch*, 612 Fed. App'x 388, 390 (7th Cir. 2015) (quoting *Khan v. Holder*, 766 F.3d 689, 696 (7th Cir. 2014)). A motion to reconsider is only appropriate where the Court has misunderstood a party, where the Court has made a decision outside the adversarial issues presented to the Court by the parties, where the Court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). Because such problems "rarely arise," a motion to reconsider "should be equally rare." *Id.* (citation and quotation omitted).

# II.
## DISCUSSION

### A. Judge Swaim[2]

In its January 30, 2018 Order, the Court found that Judge Swaim was entitled to judicial immunity, stating:

> Plaintiffs' allegations regarding Judge Swaim involve actions for which jurisdiction exists under Indiana law, such as issuing orders and holding Mr. Stoltzfus in contempt of Court. Moreover, Judge Swaim's alleged actions fall squarely within

---

[1] Although Plaintiffs refer in the title of their motion to the Court's dismissal of "State Defendants," their motion focuses only on the Court's dismissal of the claims against Judge Swaim and Prosecutor Cvengros. [Filing No. 48 at 1 (Plaintiffs requesting reconsideration of "Said Court's Decision To Dismiss State Defendants Samuel A. Swaim, And Defendant Steven Cvengros With Prejudice").]

[2] Plaintiffs allege that Mr. Stoltzfus appeared in front of Judge Swaim for an arraignment after being arrested in connection with a March 30, 2017 traffic stop, and that Mr. Riehl appeared by video in front of Judge Swaim after he was arrested during a June 1, 2017 traffic stop. [*See* Filing No. 1.]

2

> his capacity as a judge…. As such, Judge Swaim is entitled to immunity for actions taken in the state case, even if Plaintiffs believe he acted improperly.

[[Filing No. 46 at 14](#).]

Plaintiffs argue in their Motion to Reconsider that the Court ignored some of their arguments in opposition to the Motion to Dismiss, that Judge Swaim should have recused himself from the state court proceedings against Plaintiffs, and that judicial immunity does not apply when there is no jurisdiction. [[Filing No. 48 at 1-3](#).]

Motions to reconsider are only appropriate where the Court has misunderstood a party, the Court has made a decision outside the adversarial issues presented to the Court by the parties, the Court has made an error of apprehension (not of reasoning), or there has been a significant change in the law or facts. *[Bank of Waunakee](#)*, 906 F.2d at 1191. None of these circumstances is present here. First, as to Plaintiffs' argument that the Court ignored some of their arguments, the Court finds otherwise. Plaintiffs' only argument in response to Judge Swaim's Motion to Dismiss was that Judge Swaim was not entitled to judicial immunity because he did not have jurisdiction over the state court proceedings. [[Filing No. 26 at 8](#).] The Court addressed that argument head-on, finding that "absolute judicial immunity is lost only in clear absence of all jurisdiction," that "[i]n Indiana, circuit courts have 'original and concurrent jurisdiction in all civil cases and in all criminal cases,'" and that Plaintiffs' allegations relating to Judge Swaim "involve actions for which jurisdiction exists under Indiana law, such as issuing orders and holding Mr. Stoltzfus in contempt of Court." [[Filing No. 46 at 14](#).] Based on those findings, the Court concluded that Judge Swaim is entitled to immunity. [[Filing No. 46 at 14](#).] The Court did not ignore any of Plaintiffs' arguments, and Plaintiffs' Motion to Reconsider is **DENIED** on that basis.

Second, Plaintiffs' argument that Judge Swaim should have recused himself from the state court proceedings is unavailing. Plaintiffs did not make this argument in their response to Judge

Swaim's Motion to Dismiss, and may not now raise a new argument in their Motion to Reconsider. *Bally Export Corp. v. Balicar, Ltd.*, 804 F.2d 398, 404 (7th Cir. 1986) ("[A] motion for reconsideration is an improper vehicle to introduce evidence previously available or to tender new legal theories"); *Publishers Resource, Inc. v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (motion to reconsider should not "serve as the occasion to tender new legal theories for the first time"). In any event, Plaintiffs have not explained how whether Judge Swaim should have recused himself from the state court proceedings is relevant to the issue of whether he is entitled to judicial immunity in this lawsuit.

Finally, Plaintiffs' argument that there is no judicial immunity where there is no jurisdiction is a rehash of the argument they set forth in response to Judge Swaim's Motion to Dismiss. The Court considered and rejected this argument in its January 30, 2018 Order, [Filing No. 46 at 13-14], and will not do so again. *Dominguez*, 612 Fed. App'x at 390 ("Motions to reconsider 'are not replays of the main event'"). It is worth noting, however, that Plaintiffs did not explain in their response to Judge Swaim's Motion to Dismiss why Judge Swaim did not have jurisdiction over the state court proceeding, but instead only argued that a judge who does not have jurisdiction is not entitled to immunity. [*See* Filing No. 26 at 8.] As the Court found in its January 30, 2018 Order, Judge Swaim did have jurisdiction over the state court proceedings. [Filing No. 46 at 14 (citing Ind. Code Ann. § 33-28-1-2, which gives circuit courts "original and concurrent jurisdiction in all civil cases and in all criminal cases").] Accordingly, Judge Swaim is entitled to judicial immunity for Plaintiffs' claims, which "fall squarely within his capacity as a judge." [Filing No. 46 at 14.]

The Court **DENIES** Plaintiffs' Motion to Reconsider as it relates to the Court's dismissal with prejudice of all claims against Judge Swaim.[3]

**B. Prosecutor Cvengros**

As to Prosecutor Cvengros, the Court found that he was entitled to prosecutorial immunity because the allegations against him "'were intimately associated with the judicial phase of the criminal process, and thus were functions to which the reasons for absolute immunity apply with full force.'" [Filing No. 46 at 15 (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)).]

Plaintiffs argue in their Motion to Reconsider that Prosecutor Cvengros is a "foreign agent" who had "no Jurisdiction or authority in any way over Plaintiffs as American Nationals, and has absolutely no immunity from any suit Plaintiff[s] bring against him." [Filing No. 48 at 4.] Plaintiffs did not specifically address Prosecutor Cvengros in their response to the Motion to Dismiss, although their argument that "[t]here is a general rule that a ministerial officer who acts wrongfully, although in good faith, is nevertheless liable in a civil action and cannot claim the immunity of the sovereign" could be construed as applying to Deputy Cvengros. [*See* Filing No. 26 at 8.] To the extent Plaintiffs merely re-state that argument in their Motion to Reconsider, the Court declines to consider it again. *Dominguez,* 612 Fed. App'x at 390. And, to the extent Plaintiffs attempt to raise a new argument related specifically to "jurisdiction," the Court rejects that argument as improperly raised for the first time in connection with a Motion to Reconsider. *Bally Export Corp.*, 804 F.2d at 404.

---

[3] While the Court does not read Plaintiffs' Motion to Reconsider to challenge the fact that the Court dismissed the claims against Judge Swaim and Prosecutor Cvengros with prejudice, as opposed to without prejudice, such an argument would be baseless in any event because dismissals on absolute immunity grounds are dismissals with prejudice. *Koorsen v. Dolehanty*, 401 Fed. App'x 119, 120 (7th Cir. 2010).

The Court rejects Plaintiffs' arguments in their Motion to Reconsider related to Prosecutor Cvengros, and **DENIES** the Motion as it relates to the Court's dismissal of the claims against Prosecutor Cvengros.

### III.
### CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiffs' Motion to Reconsider on District Court's Decision to Dismiss State Defendants With Prejudice, [48].

Date: 6/6/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**

**Distribution via United States Mail to:**

John Stoltzfus
P.O. Box 199
Montezuma, IN 47862

John Riehl
P.O. Box 199
Montezuma, IN 47862