UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JOHN STOLTZFUS and JOHN RIEHL, | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | No. 2:17-cv-00359-JMS-MJD |
| | ) | |
| SHAWN CLOVER #61-11, GEOFFREY CANFIELD #61-10, RODNEY SMITH #R-3, and CHRISTOPHER E. FISHER #R-4, | ) | |
| | ) | |
| *Defendants*. | ) | |

## **ORDER**

*Pro se* Plaintiffs John Stoltzfus and John Riehl initiated this lawsuit after they were involved in two traffic stops which resulted in their respective arrests. Mr. Stoltzfus and Mr. Riehl currently have criminal charges pending against them in Parke County, Indiana Circuit Court related to those traffic stops. Defendants have filed a Joint Motion for Stay of Proceedings, requesting a stay of this litigation until the criminal charges pending against Plaintiffs are resolved. [Filing No. 52.] The motion is now ripe for the Court's consideration.

## I.
### BACKGROUND

On March 30, 2017, Deputy Sheriff Cory Hutchins pulled over Mr. Stoltzfus while he was driving. [Filing No. 1 at 10.] The traffic stop led to Mr. Stoltzfus's arrest, and also to Mr. Stoltzfus being held in contempt of court. [Filing No. 1 at 11-13.] On June 1, 2017, Rockville Police Officer Christopher Fisher pulled Mr. Stoltzfus over for a traffic violation. [Filing No. 13.] Mr. Riehl was a passenger in Mr. Stoltzfus's car. [Filing No.1 at 13-14.] The traffic stop resulted in the arrests of both Mr. Stoltzfus and Mr. Riehl. [Filing No. 1 at 15.] Mr. Stoltzfus currently has criminal

1

charges pending against him related to the traffic stops, and Mr. Riehl has criminal charges pending against him in connection with the June 1, 2017 traffic stop. *State of Indiana v. Stoltzfus*, 61C01-1706-CM-00153 and *State of Indiana v. Riehl*, 61 C01-1706-CM-00154.

Mr. Stoltzfus and Mr. Riehl initiated this litigation in July 2017, asserting violations of seven Amendments to the United States Constitution and more than twelve federal statutes against twenty-seven named individuals and entities and twenty-five individuals identified as "Does." [Filing No. 1.] Their allegations relate to the March 30, 2017 and June 1, 2017 traffic stops, and their subsequent arrests and detentions.

## II.
### DISCUSSION

In their Motion for Stay, Defendants argue that the claims in this case "arise from and involve the facts and circumstances in the pending state criminal proceedings (a law enforcement traffic stop and arrests)."[1] [Filing No. 52 at 1-2.] They contend that because Plaintiffs' allegations "challenge the legality of the traffic stop, detention, and arrest of the Plaintiffs," they "directly attack the circumstances of the pending state criminal case." [Filing No. 52 at 2.] Defendants assert that a stay under the *Younger* abstention doctrine is appropriate, since "the outcome of the State criminal case will have a practical impact on all the claims in the Federal case." [Filing No. 52 at 3.]

Plaintiffs oppose Defendants' motion, arguing that their criminal cases "must be deemed a civil matter, or more properly, a mere infraction." [Filing No. 53 at 1.] They argue that "[n]either

---

[1] Defendants request that the Court "take judicial notice, pursuant to Fed. R. Evid. 201(b)(2), of the Parke County Circuit Court docket concerning the aforementioned criminal cases." [Filing No. 52 at 2.] The Court finds it appropriate to do so. *See* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it…can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").

Parke Circuit Court nor the State of Indiana holds a valid claim on either of the cases Defendants referred to, but Plaintiffs hold a Superior Bonded Claim backed by actual silver coins on both cases, rendering any other claims on the case inferior and invalid." [Filing No. 53 at 2.]

"'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Texas Indep. Producers & Royalty Owners Ass'n v. E.P.A.*, 410 F.3d 964, 980 (7th Cir. 2005) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55. "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

The *Younger* abstention doctrine "is an exception to the general rule that federal courts must hear and decide cases within their jurisdiction." *Mulholland v. Marion Cty. Election Bd.*, 746 F.3d 811, 815 (7th Cir. 2014) (citing *Younger v. Harris*, 401 U.S. 37, 37 (1971)). "[P]rinciples of equity, comity, and federalism" are the foundation of the doctrine. *SKS & Assocs., Inc. v. Dart*, 619 F.3d 674, 676 (7th Cir. 2010). *Younger* provides that "federal courts should abstain from interfering with ongoing state judicial proceedings that are judicial in nature, involve important state interests, provide an adequate opportunity to raise federal claims, and do not contain special circumstances that would make abstention inappropriate." *Sykes v. Cook Cty. Circuit Court Prob. Div.*, 837 F.3d 736, 740 (7th Cir. 2016).

Plaintiffs' claims here relate to their traffic stops, arrests, and subsequent detentions. *Younger* abstention is appropriate "where there is an action in state court against the federal plaintiff[s] and the state is seeking to enforce the contested law in that proceeding." *Forth One News, Inc. v. Cnty. of Lake*, 491 F.3d 662, 665 (7th Cir. 2007). Because Plaintiffs' criminal cases

related to the traffic stops remain pending, and because this litigation relates directly to the propriety of those traffic stops and the subsequent arrests and detentions, the Court finds that a stay of this case under the *Younger* abstention doctrine is appropriate. *See Hermann v. Wisconsin*, 2017 WL 3669562, \*7 (W.D. Wis. 2017) (stay of false arrest claim under *Younger* abstention doctrine was proper where state court proceeding remained pending); *Bailey v. City of Chicago*, 2014 WL 3865829, \*1 (N.D. Ill. 2014) (claim under 42 U.S.C. § 1983 for City's alleged failure to allow sex offenders to register as such was properly stayed under *Younger* while state court criminal proceeding related to plaintiff's failure to register was pending). Accordingly, the Court **GRANTS** Defendants' Motion for Stay, [Filing No. 52].

### III.
#### CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Joint Motion for Stay of Proceedings, [52]. This matter is stayed pending resolution of the Parke County criminal proceedings against Mr. Stoltzfus (61C01-1706-CM-00153) and Mr. Riehl (61C01-1706-CM-00154). Defendants are **ORDERED** to provide the Court with notice within **seven days** of the resolution of the criminal proceedings, so that this matter may move forward accordingly.

Date: 6/6/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**<u>Distribution via ECF only to all counsel of record</u>**

**<u>Distribution via United States Mail to:</u>**

John Stoltzfus
P.O. Box 199
Montezuma, IN 47862

John Riehl
P.O. Box 199
Montezuma, IN 47862